

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00186-CR

CHAD ISAIAH FERNANDES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1672749

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Chad Isaiah Fernandes pled guilty to publishing/threatening to publish intimate visual material. *See* TEX. PENAL CODE ANN. § 21.16(g) (Supp.).[1]  In accordance with the terms of his plea-bargain agreement with the State, the trial court placed Fernandes on deferred adjudication community supervision for five years.[2]  The terms and conditions of Fernandes's negotiated deferred adjudication community supervision required him to, among other things, (1) not use, possess, or consume any alcohol, (2) "[a]ttend, participate in and successfully complete the Sexual Misconduct Program," (3) "not purchase, possess, access, or view sexually explicit visual or audio material on any medium," (4) "not purchase, possess, access, own, or operate a cell phone or device that is capable of internet access without first installing a blocking and/or monitoring software," (5) "not engage in any lewd or lascivious act in public view that is likely to alarm or offend another individual," (6) "not possess, own, distribute, purchase, or view any book, publication, or image in any form that depicts or displays simulated sexual acts or depicts nudity of adults or children, including images which display uncovered breasts, buttocks, or genitals," (7) "not access, view, or create any internet chat room, message board, blog, or any social networking website, including but not limited to My Space, YouTube, Twitter, Instagram, Snapchat, Facebook, or TikTok," and (8) "[h]ave no contact with any female child under 17 years of age unless a chaperon approved by the Court or supervision officer is present."  In a

---

[1]In companion cause number 06-24-00187-CR, Fernandes challenges a separate conviction for publishing/threatening to publish intimate visual material. *See* TEX. PENAL CODE ANN. § 21.16(g) (Supp.).

[2]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

motion to proceed to an adjudication of guilt, the State alleged that Fernandes failed to comply with these terms and conditions of his community supervision. After Fernandes pled true to eight of the State's ten allegations in open court, the trial court found nine allegations true, revoked Fernandes' community supervision, adjudicated his guilt, and sentenced him to twenty-three months' imprisonment. Fernandes appeals.

Fernandes's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By February 7, 2025, counsel had mailed to Fernandes copies of the brief, the motion to withdraw, and the appellate record. Fernandes was informed of his rights to review the record and file a pro se response. On March 5, this Court informed Fernandes that his pro se brief was due on or before April 21. Fernandes filed his pro se response on April 21, 2025.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue

3

supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See id.*

We affirm the judgment of the trial court.[3]

Scott Stevens
Chief Justice

Date Submitted:    June 4, 2025
Date Decided:    June 13, 2025

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.